UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

            **MEMORANDUM OF DECISION**
            **& PROTECTIVE ORDER**

   -against-

            10 CR 19 S-4 (RJD)

ABID NASEER,

      Defendant.
-----------------------------------------------------------x

DEARIE, District Judge

   On February 7, 2014, the government filed an <u>ex parte</u>, <u>in camera</u> motion for a protective order pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, a memorandum in support, and several accompanying exhibits (the "CIPA Motion"). The CIPA Motion seeks the Court's authorization to substitute three classified summaries for classified documents containing information that is arguably exculpatory or impeaching of certain anticipated government witnesses. It also seeks confirmation that the government has no discovery obligation to produce to the defense certain other classified materials.

   On March 11, 2014, the Court conditionally granted the CIPA Motion, subject to its review of certain materials. <u>See</u> ECF No. 308. On March 19, 2014, the Court reviewed the materials that the government seeks authorization to summarize. On April 14, 2014, the government provided the Court with certain records related to the materials that it seeks to delete from discovery. The Court has since reviewed those records. And on May 7, 2014, the government provided the Court with an <u>ex parte</u>, <u>in camera</u> letter providing additional information requested by the Court.

Upon careful review of the CIPA Motion and the materials described above, the Court now grants the government's request for a protective order. The government may substitute the classified summaries for certain classified materials and delete certain other classified materials from discovery. This memorandum sets forth the basis for issuing the protective order. In light of the nature of the CIPA Motion, however, the Court's "discussion of the classified information is necessarily circumspect." United States v. Abu-Jihaad, 630 F.3d 102, 141 (2d Cir. 2010).

A.   Overview of Legal Standards

In relevant part, CIPA Section 4 permits district courts, "upon a sufficient showing, [to] authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery [or] to substitute a summary of the information for such classified documents[.]" 18 U.S.C. app. 3 § 4; see also In re Terrorist Bombings of U.S. Embassies in East Africa, 552 F.3d 93, 116 (2d Cir. 2008). The Court applies a three-step analysis to determine whether deletion or substitution is appropriate pursuant to CIPA Section 4. United States v. Aref, 533 F.3d 72, 80 (2d Cir. 2008). The Court "must first decide whether the classified information ... is discoverable." Id. If it is, the court then determines whether that information is protected by the state-secrets privilege. Id. Finally, if the information is both discoverable and privileged, the Court assesses "whether [it] is helpful or material to the defense, i.e., useful to counter the government's case or bolster the defense." Id. (internal quotations omitted).

B.   Substitution of Classified Summaries

The government contends, and the Court agrees, that the classified documents that it seeks to summarize pursuant to CIPA Section 4 contain information that might be used to

2

impeach the government's anticipated trial witnesses or that is related to the anticipated trial testimony of those witnesses. For that reason, those documents would ordinarily be discoverable under Giglio v. United States, 405 U.S. 150 (1972), or the Jencks Act, 18 U.S.C. § 3500. The documents in question, however, are protected by the state-secrets privilege because disclosure in their original form could reasonably be expected to cause serious damage, and in some instances exceptionally grave damage, to national security, as attested by the head of the government agency that has control over the matter. See Aref, 533 F.3d at 80. The Court further concludes that information in the classified documents may be helpful or material to the defense.

The government proposes to substitute three classified summaries in place of the original documents in order to shield the classified information from disclosure in its original form. The Court has inspected the underlying classified documents and carefully compared those documents to the proposed summaries, and finds that the summaries are appropriate substitutions. The summaries retain the potentially impeaching aspects or other valuable elements of the underlying documents, and the information that has been excised is not itself helpful or material. Thus, the substitution of the classified summaries "does not impair the defendant's right to a fair trial," Abu-Jihaad, 630 F.3d at 140 (quoting Aref, 533 F.3d at 78), and satisfies the government's discovery obligations under Giglio and the Jencks Act. See, e.g., ECF Nos. 172, 267 (approving proposed summaries); see also United States v. Zazi, No. 10-CR-60 (JG), 2011 WL 2532903, at *4-5 (E.D.N.Y. June 24, 2011) (same).

C.  Deletion of Certain Classified Materials from Discovery

The government also requests that the Court authorize it to delete certain specified items from discovery. The government characterizes these items as non-discoverable. The Court has

examined, in camera, a random sampling of records describing the materials that the government seeks to delete. Based on this examination and the government's representations, the Court finds that the items that the government seeks to delete are either non-discoverable or redundant of information that the defendant already possesses, and thus need not be produced. See Abu-Jihaad, 630 F.3d at 142 (deeming certain materials non-discoverable). The Court notes, however, that to the extent any of the materials that the government seeks to delete are indeed discoverable—i.e., fall within the ambit of Rule 16, Brady, Giglio, or the Jencks Act—those materials are not covered by this protective order.

***

For the reasons stated above, the Court grants the government's motion for a protective order pursuant to CIPA Section 4 and Federal Rule of Criminal Procedure 16(d)(1). The government need not disclose the classified documents upon which the classified summaries are based. The classified summaries and the information they contain may not be shared with the defendant personally. See CIPA § 3; see also ECF No. 312 ¶ 21. In addition, to the extent that the classified materials that the government seeks to delete from discovery fit the descriptions of those materials in the CIPA Motion, the government need not disclose those materials to the defense. Finally, the government is ordered to maintain for appeal a record of the classified materials shown to the Court on March 19, 2014, the records provided to the Court on April 14, 2014, and the letter dated May 7, 2014.

SO ORDERED.

/s/ Judge Raymond J. Dearie

_____
RAYMOND J. DEARIE
United States District Judge

Dated: June 2, 2014
Brooklyn, New York

4