UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA,

                                                    **MEMORANDUM & ORDER**
                                                    10 CR 19 (S-4)

- against -

ABID NASEER,

                      Defendant.
------------------------------------------------------------ x
DEARIE, District Judge

      Defendant Abid Naseer, acting pro se, seeks to dismiss the indictment and requests a suppression hearing. See ECF No. 321; see also ECF No. 318. His motions are denied for the reasons set forth below. Because Naseer has invoked his speedy trial rights, the Court also provides additional context as to its previous oral rulings on that issue.

      A.     Motion to Dismiss

      As might be expected from a pro se defendant without the training and experience of professional counsel, Naseer's motion to dismiss lacks the detailed argumentation and citation to supporting cases that typically characterize legal briefing.[1] It is nonetheless apparent that his motion rests on three grounds.[2] First, Naseer argues that the Court lacks jurisdiction because the entirety of the allegedly criminal conduct occurred overseas. Second, he challenges the facial

---

[1] As the Court has repeatedly cautioned Naseer, his decision to proceed without legal representation puts him at a great disadvantage, particularly given the gravity of the allegations, the complexity of the case, the involvement of classified discovery, and his unfamiliarity with federal criminal procedure. I once again urge him to think carefully about the potential consequences of his decision.

[2] The Court construes Naseer's pleadings to raise the strongest arguments that they suggest. Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001).

validity of the indictment. Finally, Naseer challenges the evidence submitted to the grand jury to procure the indictment and the evidence adduced so far by the government.

1. *Challenge to Extraterritorial Jurisdiction*

Naseer argues that the Court lacks jurisdiction over this matter because the alleged proscribed conduct took place overseas. He also argues that his prosecution in the United States violates the due process clause of the Fifth Amendment. The indictment charges Naseer with three criminal violations: providing material support to Al-Qaeda, conspiring to provide material support to Al-Qaeda, and conspiring to use a destructive device in relation to a crime of violence.

The material support statute explicitly applies to overseas conduct. 18 U.S.C. § 2339B(d)(2). In addition, it specifically confers jurisdiction over offenses if, "after the conduct required for the offense occurs an offender is brought into or found in the United States, even if the conduct required for the offense occurs outside the United States." 18 U.S.C. § 2339B(d)(1)(C). Naseer, of course, was "brought into" the United States via extradition from the United Kingdom.[3] Because the Section 924(c) destructive device charge is "an ancillary crime that depends on the nature and reach of the underlying crime"—in this case, material support—"its jurisdictional reach is coextensive with the jurisdiction of the underlying crime." United States v. Shibin, 722 F.3d 233, 246 (4th Cir. 2013) (applying Section 924(c) to Somali piracy); see also United States v. Siddiqui, 699 F.3d 690, 701 (2d Cir. 2012) (Section 924 applies extraterritorially where "the underlying substantive criminal statutes apply extraterritorially").

---

[3] Jurisdiction is also conferred by two other Section 2339B(d)(1) provisions. Naseer is charged with participating in a hub-and-spoke conspiracy involving coordinated attacks in the United States, the United Kingdom, and Norway. Several coconspirators were arrested in the United States for plotting to attack the NYC subway. Thus the federal courts have jurisdiction over Naseer's extraterritorial conduct under Section 2339B(d)(1)(D), which covers "offense[s] ocurr[ing] in whole or in part in the United States," and under Section 2339B)(d)(1)(F), which covers "offender[s] [who] conspire[] with any person over whom jurisdiction exists."

Having established the statutory basis for jurisdiction, the Court turns to Naseer's due process challenge. "It is beyond doubt that, as a general proposition, Congress has the authority to enforce its laws beyond the territorial boundaries of the United States." United States v. Yousef, 327 F.3d 56, 86 (2d Cir. 2003) (internal quotations omitted). "In order to apply extraterritorially a federal criminal statute to a defendant consistently with due process," however, "there must be a sufficient nexus between the defendant and the United States, so that such application would not be arbitrary or fundamentally unfair." United States v. Al Kassar, 660 F.3d 108, 118 (2d Cir. 2011) (quoting Yousef, 327 F.3d at 111). "For non-citizens acting entirely abroad, a [sufficient] jurisdictional nexus exists when the aim of that activity is to cause harm . . . to U.S. citizens or interests." Al Kassar, 660 F.3d at 118.

The provision of material support to designated terrorist organizations implicates US interests, as courts in this Circuit have repeatedly found. See, e.g., id.; United States v. Ahmed, No. 10 CR 131 (PKC), 2011 WL 5041456, at *2-3 (S.D.N.Y. Oct. 21, 2011) (Castel, J.). The material support statute prohibits material support to "foreign terrorist organization[s]." One of the requirements for designation as such is that the Secretary of State has found that the organization "threatens . . . the national security of the United States." Ahmed, 2011 WL 5041456, at *2 (quoting 8 U.S.C. § 1189(a)(1)(C)). The material support statute also requires that the defendant "have knowledge" that the organization is a designated terrorist organization or engages in terrorism. Ahmed, 2011 WL 5041456, at *2 (citing 18 U.S.C. § 2339B(a)(1), 2339D(a)). "Taken together, the[se] designation and knowledge requirements ensure that there is a nexus to American interests so as to render the prosecution neither arbitrary nor fundamentally unfair." Ahmed, 2011 WL 5041456, at *2.

In addition to the "sufficient nexus" test, courts have also analyzed whether defendants had "fair warning" that their extraterritorial conduct exposed them to prosecution. See, e.g., Al Kassar, 660 F.3d at 119. "Fair warning does not require that the defendants understand that they could be subject to criminal prosecution in the United States so long as they would reasonably understand that their conduct was criminal and would subject them to prosecution somewhere." Id. There is no question that a defendant who allegedly plotted to bomb targets in the United Kingdom on behalf of al-Qaeda would reasonably have understood that his conduct was criminal, whether or not he knew with specificity that he could be subject to prosecution in the United States. See id. (supplying weapons to a designated terrorist organization with the knowledge they would be used to attack US personnel was "self-evidently criminal" and "their deliberate attempts to avoid detection suggested the defendants so understood"); see also Ahmed, 2011 WL 5041456, at *3 (defendant who renders material support to terrorist organizations "ought to reasonably expect that he would be subject to prosecution in some jurisdiction").

2.  *Challenge to Indictment*

Naseer argues that the indictment should be dismissed because "the material support and conspiracy counts . . . are nugatory and overbroad in defining the proscribed conduct." ECF No. 321. "It is well settled that 'an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)); see generally Mehler et al., Federal Criminal Practice: A Second Circuit Handbook § 25-3 (2014). In order to meet this standard, the "indictment need

do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." Alfonso, 143 F.3d at 776.

By these lights, the indictment is sufficient: it tracks the statutory language, identifies the terrorist organization in question (al-Qaeda) and other members of the conspiracy, and explains that the proscribed conduct occurred between September 2008 and January 2010 in this District and elsewhere, "including the extraterritorial jurisdiction of the United States."

While the location of the charged conduct literally spans the globe, the specificity of the other information indicates that the indictment is sufficient to allow Naseer to prepare a defense and to guard against double jeopardy. Moreover, it is apparent from the Court's discussions with Naseer that he is aware of the location of the conduct that forms the basis for the indicted offenses. The affidavit in support of Naseer's extradition from the United Kingdom, which was publicly filed in January 2013, see ECF No. 285, describes in detail the nature and whereabouts of Naseer's allegedly criminal conduct. And finally, to the extent that a defendant wishes to challenge the lack of specificity of an indictment, he "must apprise the District Court of those particular portions of the indictment that are lacking in the requisite specificity, and explain why, in the circumstances, greater specificity is required." United States v. Crowley, 236 F.3d 104, 106 (2d Cir. 2000). Naseer has not done so.

3.  *Evidentiary Challenges*

Naseer also challenges both the government's evidence of his guilt and the evidence that the government submitted to the grand jury.[4] Neither challenge is cognizable on a motion to

---

[4] Naseer also makes a "Rule 14 motion to dismiss the indictment governed by 28 U.S.C. § 1867," a statute that provides for challenges to the manner in which the grand jury has been empanelled. Because Rule 14 pertains to the severance of co-defendants, the Court assumes that Naseer means to invoke Rule 12. The motion is denied because Naseer has not identified any particular deficiency in the selection or composition of the grand jury.

dismiss. With respect to the former, Naseer asserts his innocence and argues that "the evidence so far has not concretely materialized and established the facts the prosecution wants to establish." ECF No. 321. "[T]he sufficiency of the evidence," however, "is not appropriately addressed on a pretrial motion to dismiss an indictment." Alfonso, 143 F.3d at 777. The test of the evidence is the trial.

With respect to the latter, Naseer contends that "false and defective statements and evidence [were] produced to the grand jury relating to the . . . flour and cooking oil" found in his apartment in England. ECF 321. Whatever the accuracy of this contention, an indictment, if valid on its face, may not be challenged on the ground that it is based on inadequate or incompetent evidence. United States v. Casamento, 887 F.2d 1141, 1182 (2d Cir. 1989); United States v. Contreras, 776 F.2d 51, 54 (2d Cir. 1985); see also Costello v. United States, 350 U.S. 359, 363 (1956).[5]

B. Motion for Suppression Hearing

In addition to his motion to dismiss, Naseer requests a suppression hearing. His motion papers, however, specify neither the evidence that he seeks to suppress nor the rationale for its suppression. At the June 25, 2014 oral argument on the motions, Naseer clarified that he wishes to suppress evidence obtained pursuant to the Foreign Intelligence Surveillance Act ("FISA"). As the Court explained from the bench, because Naseer has not yet proposed any legal basis for the suppression of FISA evidence, his motion to suppress is denied, albeit without prejudice.

---

[5] "If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment." Costello, 350 U.S. at 363.

C. Speedy Trial

By letter dated May 26, 2014, Naseer made clear his intention to assert his statutory and constitutional rights to a speedy trial. ECF No. 314. He reiterated his desire to have the case tried expeditiously at conferences on June 26, 2014 and July 25, 2014. Naseer informed the Court that he believes he is entitled to a trial that begins no later than August 7, 2014.[6]

The Speedy Trial Act requires that a defendant be tried within seventy days of the unsealing of the indictment or his initial appearance before a judicial officer, whichever occurs later. 18 U.S.C. § 3161(c)(1). This seventy-day period is not inflexible. Courts may, for various reasons, exclude certain periods of time from the calculation of the speedy trial period. Most significant here is the Section 3161(h)(7) exclusion for matters in which "the ends of justice" served by delay "outweigh the best interests of the public and the defendant in a speedy trial." One of the factors that courts must consider in determining whether Section 3161(h)(7) exclusion is appropriate is "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

On January 13, 2010, at the initial status conference for Naseer's co-defendant Adis Medunjanin, the Court designated this case as complex for speedy trial purposes with the consent of the government and Medunjanin's counsel. ECF No. 13. Naseer was subsequently indicted and extradited to the United States from the United Kingdom. At his arraignment on January 7,

---

[6] Naseer did not describe the calculations that form the basis for this conclusion. The Court notes that August 7 is seventy-three days from May 26 (the date Naseer's speedy trial letter was written) and sixty-nine days from May 30 (the date that letter was filed on ECF).

7

2013, the Court noted that it had previously designated the case as complex and continued the designation with the consent of defense counsel.[7] Jan. 7, 2013 Tr. at 4; see also ECF No. 275.

The speedy trial exclusion was continued with the consent of the parties on March 7, 2013, see ECF No. 289, May 20, 2013, see ECF No. 295, September 27, 2013, see ECF No. 299, March 7, 2014, see ECF No. 306, and May 2, 2014, see ECF No. 311.[8] During the intervening period, defense counsel sought and received security clearances, the government provided discovery to the defense, and the Court considered and ruled upon the government's motion for a protective order pursuant to the Classified Information Procedures Act. The Court is thus satisfied with the soundness of its initial findings that the case was (and remains) unusually complex and that the ends of justice warranted Speedy Trial Act exclusion.

Naseer has made clear that he does not consent to further exclusions pursuant to Section 3161(h)(7). Nonetheless, as the Court ruled on both June 26 and July 25, the continued exclusion for purposes of the Speedy Trial Act is justified by the nature of the case, the significant amount of discovery that the government is in the process of providing to the defendant, and the importance of ensuring that both parties have time to sufficiently prepare for a

---

[7] At arraignment, the government requested that the parties reappear before the Court in six to eight weeks. When defense counsel indicated his agreement to such a schedule, the Court raised the speedy trial issue. After conferring with his client, defense counsel stated that he had "explained the implications" of the delay and that he "happen[ed] to think it's a complex case [and] probably should be designated as such." Jan. 7, 2013 Tr. at 4.

[8] Defense counsel can consent to a continuance without the client's approval. Cf. United States v. Lynch, 726 F.3d 346, 354 (2d Cir. 2013) (concluding that an attorney can make a request for a continuance without obtaining his client's approval).

fair trial.[9] For those reasons, the "ends of justice served by" a continuance continue to "outweigh the best interest of the public and the defendant in a speedy trial." See 18 U.S.C. § 3161(7)(A).

Finally, the Court turns briefly to the Sixth Amendment right to a speedy trial. Naseer invoked this right in his letter of May 26, 2014, though he did not contend in that letter that the right had been violated. The constitutional speedy trial right is measured against the four factors set forth in Barker v. Wingo: (1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of the speedy trial right, and (4) the prejudice caused by the delay. 407 U.S. 514, 530 (1972). Naseer's case has been pending for more than a year and a half, which is a significant period of time. As discussed above, however, the length of the proceedings is attributable to the complexity of the case, the nature of the discovery involved, and the need for counsel to obtain security clearances. Naseer has suffered no impairment to his defense and did not raise his speedy trial concerns until May 2014. Under these circumstances, a 2015 trial falls well within the bounds of the Sixth Amendment. See, e.g., United States v. Gonzalez, 399 F. App'x 641, 645 (2d Cir. 2010) (four-year delay did not violate Sixth Amendment).

The Second Circuit recently described the various interests at play in defining the contours of a "speedy trial." United States v. Ghailani, 733 F.3d 29, 41-42 (2d Cir. 2013). For these purposes, it suffices to say that "both defendants and the public have an interest in a system that is fair and reliable, which must often come at the expense of haste." Id. The trial is scheduled for January 26, 2015. See ECF No. 326. The Court expects that these proceedings

---

[9] In addition, the Court notes that the period from June 13, 2014 to the date of this order is excluded from speedy trial computation by 18 U.S.C. § 3161(h)(1)(D), which excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." The Court also assumes without deciding that the government's CIPA motion, filed on February 7, 2014 and decided on June 20, 2014, see ECF No. 320, constitutes a "pretrial motion" for purposes of exclusion under Section 3161(h)(1)(D).

will continue to move expeditiously to their culmination and that Naseer will soon have his day in court.

SO ORDERED.

Dated: Brooklyn, New York
August 6, 2014

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge