

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

ZA:CAC/MPC
F. #2010R00057

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 22, 2015

<u>By Hand and ECF</u>

Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:    <u>United States v. Abid Naseer</u>
              <u>Criminal Docket No. 10-19 (S-4) (RJD)</u>

Dear Judge Dearie:

      The government respectfully submits this letter in advance of the government's Rule 15 deposition of Officer 1603 to alert the Court of potential issues that may arise during cross-examination of the witness. As the Court is aware, Officer 1603 is a member of the British Security Service, also known as MI5. During cross-examination, the government is concerned that the defendant may attempt to question the witness on irrelevant matters that would require the witness to answer with classified information. Therefore, the government respectfully requests that any objections to questions that would require the witness to disclose classified information be ruled upon immediately.

<u>Applicable Law</u>

      Section 8(c) of the Classified Information Procedures Act ("CIPA") establishes a procedure for addressing the problems that may emerge during the taking of testimony from a witness who possesses classified information not previously found to be admissible. If the defendant knows that a question or a line of inquiry would result in disclosure of classified information, CIPA mandates that he or she give the United States immediate notice under Section 5 of the Act; Section 8(c), in effect, serves as a supplement to the Section 6(a) procedures, addressing circumstances that might not have been anticipated in advance of the taking of testimony. Thus, upon objection of the United States to a defense question or line of inquiry not covered in a Section 6(a) proceeding, the Court must take suitable action to avoid the improper disclosure of classified information by a witness.

Analysis

The subject matter of the witness's testimony – Officer 1603's physical surveillance of the defendant – is a matter that can be discussed in an open courtroom, and the government believes that any appropriate cross-examination questions would not require classified answers.  Given the defendant's lack of legal training, however, the government is concerned that he may ask questions that are wholly irrelevant to the issues at hand and which would require the witness to respond with classified information.  This concern is heightened because the defendant is a member of al-Qaeda, a group to which the Security Service obviously devotes significant resources.  Information about sensitive sources and techniques employed by the Security Service, or its current investigations concerning al-Qaeda, would be of obvious – but irrelevant – interest to the defendant and his al-Qaeda associates who remain at large.  Thus, for example, if the defendant were to ask questions related to the witness's current investigations into al-Qaeda, a question that is wholly irrelevant to the issues at hand, the government would object.  Ordinarily in a Rule 15 deposition, the objection would be preserved for a later ruling and the witness would be required to answer the question.  Here, however, the witness's answer might require the disclosure of classified information, or information otherwise damaging to U.S. national security and foreign policy interests.  Accordingly, a ruling on the objection in this circumstance would need to occur immediately to avoid disclosure of classified information.

Conclusion

For the reasons stated above, the government respectfully requests that a federal district judge be available during the deposition to rule on any objections that relate to the disclosure of classified information.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:      /s/
Zainab Ahmad
Celia A. Cohen
Michael P. Canty
Assistant U.S. Attorneys
(718) 254-7000

cc: Abid Naseer (via certified mail and email)
    James Neuman (via ECF and email)