UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA

          -against-

ABID NASEER,

                    Defendant.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**

10 CR 19-5 (RJD)
20 CV 4065 (RJD)

DEARIE, District Judge.

In a supplemental motion pursuant to 28 U.S.C. § 2255, Abid Naseer asserts that his conviction on Count Ten, which charged him with using a destructive device in connection with a crime of violence in violation of 18 U.S.C. § 924 (c)(1)(ii) and § 924(o), should be vacated in light of United States v. Davis, 139 S. Ct. 2319 (2019).[1]

Section 924(c) provides for enhanced penalties for a defendant who uses, carries, or possesses a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. §924(c)(1)(A). Formerly, the statute defined a "crime of violence" as an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

---

[1] The parties' familiarity with all prior proceedings and decisions of this Court in this matter is assumed.

Davis held that subsection (B), the so-called "residual clause," is unconstitutionally vague. 139 S. Ct. at 2336. As a result, "for purposes of § 924(c) a 'crime of violence is now defined only as a felony that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." United States v. McCoy, 995 F.3d 32, 52 (2d Cir. 2021) (cleaned up). "Physical force" in this context means "violent force" or "force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010).

The §924(c) predicates charged here were providing material support to a foreign terrorist organization in violation of 18 U.S.C. § 2339B (Count Three) and conspiring to do so (Count Four). Naseer asserts, and the government agrees, see ECF 532 at 1, 3, that these two crimes qualified as crimes of violence only under §924(c)'s residual clause and that Naseer's conviction under Count Ten must be vacated. See also United States v. Medunjanin, 10 CR 19-1 (BMC), 2020 WL 7408992, at *4 (E.D.N.Y. Oct. 6, 2020) (government concedes that §2339B and §2339B conspiracy are not crimes of violence for §924(c)); United States v. Kaziu, 09 CR 660 (FB), 2021 WL 1751156, at *2 (E.D.N.Y. May 4, 2021) (conviction under 18 U.S.C. § 924(c)(1)(B)(ii) and §924(o) vacated upon government's concession that neither attempt nor conspiracy version of §2339 offense is a crimes of violence).

Accordingly, Naseer's conviction on Count Ten is vacated.

The remaining issue is the appropriate remedy, a matter on which the Second Circuit has now clearly spoken. See United States v. Peña, __ F.4th__, 2022 WL 17587854, at *3-5 (2d Cir. Dec. 13, 2022). Joining all the other circuits that have reached the issue, the Second Circuit held that upon the vacatur of a § 924(c) conviction in the § 2255 context, a district court may, but is

not required to, hold a de novo resentencing. Id. (collecting cases). The Circuit emphasized the discretion that Section 2255 grants district courts in choosing from among several remedies when reviewing a sentence open to collateral attack. Id. at *3 ("A court may: '[1] vacate and set the judgment aside and . . . discharge the prisoner or [2] resentence him or [3] grant a new trial or [4] correct the sentence as may appear appropriate.'") (quoting 28 U.S.C. § 2255). See also Medunjanin, 2020 WL 7408992 at *8 (contrasting, for resentencing purposes, the overturning of a conviction on appeal with vacatur by district court on § 2255) (cited approvingly by Peña, 2022 WL 17587854 at *4). Having presided over the trial, sentencing and post-conviction proceedings, this Court is amply familiar with the matter and the defendant and can correct Naseer's sentence through this order without a de novo proceeding.

At Naseer's initial sentencing, the Court imposed a term of 40 years on the destructive device count[2] and the statutory maximum of 15 years on each of the material support counts, all terms to run concurrently to each other for a total sentence of 40 years. Although Naseer's counts of conviction now change with the vacatur of Count Ten, the conduct in which he engaged and for which this Court deemed a forty-year sentence appropriate, has not. For having joined al Qaeda and having plotted to bomb innocent civilians and to inflict mass casualties on behalf of al Qaeda, Naseer is as deserving now, as when initially sentenced, of the statutory maximum on his two §2339B convictions. Naseer has asked the Court to reduce his sentence to 15 years, citing his record of academic excellence and good conduct during his year in prison. But these facts are not surprising, given the qualities Naseer displayed throughout his trial and

---

[2] The sentencing range for the destructive device conviction is one day to life. 18 U.S.C. §924(o).

initial sentencing and do not alter the sentencing calculus. An intelligent, motivated, and proud man who was once preparing to massacre countless innocent civilians, Naseer continues to show no remorse discernible to this Court or, indeed, any change in thinking that would allow this Court to infer that the danger he posed has passed. Therefore, without the 40-year term initially imposed on the destructive device count, there is no longer any just purpose to continue the concurrent nature of the 15 year §2339B terms. Accordingly, Naseer is resentenced to the statutory maximum of 15 years each on Counts Three and Four to be served consecutively.

    For all of the foregoing reasons, Naseer's supplemental claim for relief under 28 U.S.C. § 2255 (ECF 530) is granted, his conviction on Count Ten is vacated, and he is resentenced to a term of 30 years plus lifetime supervised release on the conditions initially imposed. An amended judgment shall issue.

SO ORDERED.

Dated: Brooklyn, New York
       December 15, 2022

                                                                                                                                                        /s/

                                                      RAYMOND J. DEARIE
                                                      United States District Judge